UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                                                          CRIMINAL ACTION NO. 3:10CR-147-S

TONY ASKEW                                                                                   DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the court for consideration of the Findings of Fact, Conclusions of Law, and Recommendation ("Report") of the United States Magistrate Judge and the objections of the defendant, Tony Askew, filed thereto. In his well-reasoned Report, the magistrate judge recommended that Askew's motion to suppress evidence of his cellular telephone number and all other evidence derived from that number be denied.

The defendants, Tony Askew and Ryan Jones, were arrested during an undercover drug transaction in which Jones brought an undercover agent to a location where Askew arrived and allegedly provided Jones with OxyContin tablets. The magistrate judge conducted an evidentiary hearing during which it was established that after Askew's arrest, and after his invocation of his *Miranda* rights, Askew's phone number was obtained during the regular booking process. The process did not involve questioning about the alleged crime. It consisted only of gathering basic identifying data recorded on a standard Drug Enforcement Administration booking form known as a DEA 202. Co-defendant Ryan Jones' phone number was also obtained from Jones after his arrest.

Askew seeks suppression of his cell phone number and all evidence derived from that number, such as cell phone records, on the ground that he was asked for his phone number after invoking his right to counsel.[1]

After supplemental briefing concerning the legal contours of the argument, the magistrate judge concluded that there was no violation of Askew's right to be free from post-invocation interrogation when Askew's phone number was obtained during the booking process. He further concluded that the phone number would have been inevitably discovered through investigation into Jones' cell phone records. For the reasons set forth herein. we conclude that the magistrate judge reached the correct result in this case.

The United States Supreme Court defined "interrogation" in *Rhode Island v. Innis*, 446 U.S. 291,301, 100 S.Ct. 1682, 1689, 54 L.Ed.2d 297 (1980) as referring "not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." As noted by the magistrate judge, the Sixth Circuit has long adhered to the "booking exception" to the definition of "interrogation" under *Miranda. See United States v. Avery*, 717 F.2d 1020, 1025 (6th Cir. 1983)(routine procedural questions to secure biographical data does not constitute interrogation); *United States v. Stone*, 218 Fed.Appx. 425 (6th Cir.), *cert. denied,* 551 U.S. 1158 (2007), *Pennsylvania v. Muniz*, 496 U.S. 582, 110 S.Ct. 2638, 110 L.Ed.2d 528 (1990)(routine gathering of biographical data for booking, such as name, address, height, weight, eye color, date of birth and current address, not ordinarily "interrogation" under *Miranda*).

---

[1] An additional argument concerning a suspected warrantless search of the contents of Askew's phone was abandoned when there was no evidence adduced at the hearing to support the defendant's theory.

The evaluation of post-*Miranda* questioning must be done on a case-by-case basis, keeping in mind that the "booking exception" does not provide an absolute exemption for all such questioning. As noted in *Avery, supra.*, "even a relatively innocuous series of questions may, in light of the factual circumstances and the susceptibility of a particular suspect, be reasonably likely to elicit an incriminating response. *Avery,* 717 F.2d at 1024-25; *accord, United States v. Pacheco-Lopez*, 531 F.3d 420, 423-24 (6th Cir. 2008)(careful scrutiny of facts required under 'booking exception').

In this instance, nothing out of the ordinary was asked of Askew. He was asked for his phone number, a routine biographical question during booking. *Compare*, *United States v. Soto*, 953 F.2d 263 (6th Cir. 1992)(suppressing response to question concerning what defendant was doing with drugs); *United States v. Cole*, 315 F.3d 633 (6th Cir. 2003)(suppressing response to question "whose gun is this?"); *United States v. Downing*, 665 F.2d 404 (1st Cir. 1981)(suppressing response to question about location of airplane); *United States v. Pacheco-Lopez*, 531 F.3d 420 (6th Cir. 2008)(*Miranda* implicated when defendant questioned about how and when he had arrived at the house).

Askew does not focus on the request for his phone number *per se*, but rather on whether law enforcement officers knew that there was a reasonable likelihood that the question would elicit an incriminating response. He contends that his revelation of his phone number was self-incriminating because the agents then utilized the phone number to investigate his suspected involvement in drug trafficking. We conclude that this argument emasculates the "booking exception." Askew's response was not self-incriminating. Rather, he responded to a request for a piece of biographical data which was later found to establish a link to purported criminal activity. Such use of

biographical information for investigative purposes does not render the gathering of the information an impermissible interrogation. *United States v. King*, No. 96-1722, 165 F.3d 29, 1998 WL 708707 (6th Cir. Oct. 1, 1998) and *United States v. Garcia*, No. 06-269(3)(DSD/JJG), 2006 WL 3832808 (D.Minn. Dec. 28, 2006) support this conclusion.

In *King, supra.,* King was seen exiting a residence and entering a vehicle with what appeared to be a firearm. He was arrested and a search of the vehicle was made. A concealed firearm, a quantity of crack cocaine, and a document suspected to be a drug ledger were found. King was arrested and taken to the police station where he was asked to provide his address. After providing the address of the residence from which he was seen exiting, the officer obtained a search warrant utilizing the address. The court denied suppression of the evidence seized from the residence, stating that

> [t]he evidence seized from Mr. King's residence was properly admitted...notwithstanding the use made of Mr. King's statements regarding his address. Questions routinely asked on booking, including questions as to name and address, are not subject to the *Miranda* rule. [citations omitted]. Absent a showing that the officers used the booking questions to elicit incriminating statements–and there has been no such showing here– Mr. King's statements as to where he lived could be used as a basis for obtaining a warrant to search his house.

*King*, at *2.

In *Garcia, supra.,* the court similarly declined to suppress evidence. Law enforcement officers worked with an informant to arrange a drug transaction. Some of the planning was conducted by telephone. Garcia was arrested in the residence where the transaction took place, was removed to a police vehicle and asked booking information including his name, date and place of birth, address and phone number. The court found this information to be routine biographical data not subject to the requirement of *Miranda*, and noted that "Information elicited for basic

identification purposes falls within the exception even if the information later turns out to be incriminating. *McLaughlin*, 772 F.2d at 391." *Garcia*, at *1.

We agree, too, that the information concerning Askew's cell phone number would have been inevitably discovered, as records of Jones' cell phone calls during the window of time in which the drug transaction took place were obtained and evaluated by the agents.

Askew's objections to the Report of the magistrate judge are without merit. Therefore, motion having been made and for the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the objections to the findings and recommendation of the magistrate judge (DN 45) are **OVERRULED,** the Findings of Fact, Conclusions of Law and Recommendation of the United States Magistrate Judge (DN 44) is **ACCEPTED AND ADOPTED IN ITS ENTIRETY**, and the motions of the defendant, Tony Askew, to suppress evidence (DNs 28 and 29) are **DENIED.**

**IT IS SO ORDERED.**

February 2, 2012

**Charles R. Simpson III, Judge**
**United States District Court**